GEORGE W. BENNETT *vs.* HEZEKIAH S. MORRILL and ABEL MORRILL.

By the act passed in 1820, for the benefit of poor prisoners, no notice need be given to a creditor, residing out of the county wherein the jail is situated, of the intention of a prisoner to take the oath prescribed for poor debtors, in cases where there is no appointment of an agent or attorney endorsed on the execution.

This was an action of *debt* on a jail bond. It was tried in the county court, September term, 1826, on a case agreed to by the parties, and a judgment rendered for the defendant. It appears by the case That the plaintiff resided in the state of *Ohio*, and the defendant, *H. S. Morrill*, in *Danville*, in the county of *Caledonia*—That on the 17th day of October, 1823, the plaintiff, by his attorney, *William Mattocks*, brought an action on promissory note against the defendant, *H. S. Morrill*, in *Danville*, before a justice of the peace, and that the plaintiff appeared in said action by his attorney, *Mattocks*, and *H. S. Morrill* in person, and by his attorney, *G. B. Shaw*—that after several continuances, judgment was rendered for the plaintiff, and the said *Hezekiah* appealed therefrom to the county court; but before the sitting of the court to which said action was appealed, he confessed a judgment for the damages and costs which had been recovered, agreeably to the provisions of the statute. It further appears that the original writ, when issued, was endorsed " *W. Mattocks, attorney.*"—That the said *Mattocks*, as the plaintiff's attorney, afterwards issued an execution on said judgment, dated May 26, 1824, and marked the same on the upper right hand corner

CALEDONIA,
March,
1828.

Bennett
vs.
Morrill et al.

of the filing with the initial letters of his name, " *W. M.*" which for a long time had been his usual method of endorsing his name, as attorney of the plaintiff, on writs and executions—that no agent was appointed by the plaintiff, or his attorney, and endorsed on said execution, except as above stated—That the said *H. S. Morrill*, was committed to jail by virtue of said execution, and the defendants thereupon executed the bond in question—That *H. S. Morrill* afterwards made application to the jail commissioners, who forthwith admitted him to the oath prescribed for poor debtors, without giving any notice to the plaintiff, or to said *Mattocks*, or to any person acting for the plaintiff—That the said *H. S. Morrill* afterwards departed from the jail limits without paying said debt. It further appeared that *Mattocks* resided in *Danville*, where the jail of the county is situated, and that *H. S. Morrill* well knew that *Mattocks* had the care of, and was the attorney in, said suit for the plaintiff.

The case was reserved for the opinion of the Supreme Court.

After argument by *G. B. Shaw*, for the defendant, and *W. Mattocks* for the plaintiff, the opinion of the Court was delivered by

PRENTISS, J.—From the certificate of the prisoner's discharge, it appears that he was admitted to the poor debtor's oath, and discharged from imprisonment, without any previous notice having been given of his intention to take the benefit of the oath. As this appears upon the face of the certificate, there can be no doubt, if notice was by law necessary, that the discharge was irregular and void, and, consequently that the departure of the prisoner from the liberties of the prison was a breach of the bond. The facts agreed upon, so far as they are material to be noticed, are, that the execution, on which the prisoner was imprisoned, was issued on a judgment, recovered by the plaintiff, in a suit commenced before a justice of the peace; that the name of *William Mattocks*, who resided within the county where the prisoner was confined, was endorsed upon the original writ as attorney for the plaintiff, who resided out of the state, and the prisoner knew that *Mr. Mattocks* instituted the suit, and acted in it, as attorney for the plaintiff; but neither the name of *Mr. Mattocks*, nor of any other person, as attorney or agent for the plaintiff, was endorsed upon the execution. On the part of the defendants, it is contended, that no notice of the prisoner's application to be discharged from the imprisonment was requisite, in as much as no agent of the plaintiff was appointed on the execution, within the county where the prisoner was confined. On the part of the plaintiff, it is insis-

CALEDONIA,
March,
1828.

Bennett
vs.
Morrill et al.

ted, that as he had in fact an attorney of record within the county, an appointment of an agent on the execution was unnecessary, and consequently, that notice of the prisoner's application to be discharged was indispensable.

The act for the benefit of poor prisoners, passed in 1820, provides " that instead of the notice now directed to be given by a prisoner to his creditors, the notice shall be six days, in cases where the creditor resides within the county where the prisoner is confined, and twelve days in cases where the creditor resides *without such county*, and *has appointed an agent on the execution*, agreeable to the 12th section of an act, entitled " an act directing the levying and serving executions ;" and service of the citation, made on such agent, shall be as good and effectual, in law, as if made on the creditor ; and *if no agent shall have been appointed on such execution*, agreeable to the act aforesaid, no prisoner shall be obliged to give any notice whatever, previous to his taking the oath of an insolvent debtor, but may be admitted, forthwith, after his commitment, to all the privileges and benefits of said oath." *( Comp. Stat. p. 237.)* It is argued by the plaintiff's counsel, that by the words in the act, " *and has appointed an agent on the execution, agreeable to the 12th section of an act, entitled an act, directing the levying and serving executions,*" the appointment of an agent is necessary to be made, only in the cases, and in the manner, prescribed in the act referred to ; which, it is said, does not require, in any case, an agent to be appointed or named in writing on the execution. The act referred to declares, " that when any execution shall be delivered to the sheriff, constable, or other officer, *of any other county than that in which the creditor resides,* such creditor, or his attorney of record, shall *name* some person, in the county in which the execution is to be levied, to be the agent of such creditor, for the particular purpose of receiving the money on such execution, and for giving unto, and receiving from, the sheriff, constable, or other officer, any notices which may be necessary, relating thereto, and of payments made, &c. *( Comp. Stat. p. 214. s. 12.)* This act provides, that when the *creditor* resides without the county in which the execution is to be levied, he, or his attorney of record, shall *name* some person as agent within the county ; and it would seem to have been intended that in every case, where the creditor resides without the county, whether he has an attorney of record within it, or not, an agent should be named. The act does not declare in what manner the agent shall be *named*, whether in writing or verbally, or what shall be a sufficient *naming* of an agent. The usual practice, however, under the act, was, to endorse the name of the agent on the ex-

CALEDONIA,
March,
1828.

Bennett
vs.
Morrill et al.

ecution; but, in my judgment, the words of the act did not make this indispensable. An appointment in writing, with notice of it to the officer to whom the execution was delivered, would seem to be sufficient. But without such notice, the purpose of the act would not be answered, as the officer would not know to whom he should look for directions, or who was authorized to receive the money upon the execution. Where the plaintiff had an attorney of record within the county where the execution was to be served, and his name was endorsed as such on the execution, it was naming an agent within the meaning of the act; for an attorney of record is an agent, has authority to control the execution, to receive the money upon it, and to discharge it. But the mere fact of there being an attorney of record, without notice to the officer, was never considered sufficient; and the practice was, as already observed, to endorse the name of the agent or attorney on the execution. When the execution issued on a judgment rendered in the county or supreme court, the name of the attorney of record was endorsed upon it by the clerk, in compliance with a duty expressly imposed upon him by law. If the attorney resided within the county, where the execution was to be served, nothing more was supposed to be required. If he did not reside within the county, then the practice was, to endorse upon the execution the appointment of some person, within the county, as special agent.

Such were the understanding and practice, when the act of 1820 was passed, declaring, that *if no agent shall have been appointed on the execution,* agreeable to the 12th section of an act, directing the levying and serving of executions, no prisoner shall be obliged to give any notice whatever, previous to his taking the oath of an insolvent debtor, but may be admitted, forthwith, after his commitment, to all the privileges and benefits of said oath. The language used in this act, taken in its natural and obvious sense, certainly imports an appointment of an agent in writing on the execution. The words, *agreeably to the 12th section of an act, directing the levying and serving of executions,* are to be considered, not as qualifying or controuling the words immediately preceding them, as to the manner of appointing the agent, but rather, as pointing by reference, to the nature and purpose of the appointment, and the place where the agent must reside. Indeed, the act referred to is silent as to the [manner in which the agent shall be appointed; and whatever construction its phraseology may admit of, there can be no doubt, especially when the practice under that act is considered as to the meaning and intention of the subsequent act. The appointment is to be made agreeably to the act referred to, but it is, nevertheless, to be made

CALEDONIA, *March,* 1828.

Bennett *vs.* Morrill et al.

on the execution. If the creditor has an attorney of record living within the county where the execution is served, and his name is endorsed as such on the execution, it is a compliance with the law. By thus requiring the name of the agent or attorney to be endorsed on the execution, a copy of which is left with the gaoler, the prisoner is enabled to ascertain at once, on inspection of the copy, whether any notice of his application to take the poor debtor's oath is necessary to be given, and upon whom the notice is to be served.

Some reliance was placed, in the argument by the plaintiff's counsel, on the act of 1824. This act declares that whenever any person shall be committed to prison, on execution, in any county, in which the creditor on such execution does not reside, and *in which such creditor shall have no attorney of record,* such person, in prison, if otherwise entitled to the poor debtor's oath, shall be admitted to the same without giving any notice to such creditor of his intention to take such oath, unless such creditor, or his attorney, shall have *endorsed upon such execution* the appointment of an agent, residing in the *town* in which the public prison may be situated. *( Comp. stat. p. 241.)* It is obvious that this act can have no effect upon the present case, because the execution was executed, and the prisoner committed to gaol, before the act was passed. Besides, the act merely provides, that where the creditor resides out of the county in which the debtor is to be committed to prison, and has no attorney of record within it, an agent shall be appointed on the execution in the town where the prison is situate. But if the creditor has an attorney of record within the county, it is still necessary, by the act of 1820, that his name should be endorsed on the execution. By the existing laws, therefore, if the creditor resides without the county, and has no attorney of record within it, he must appoint an agent on the execution in the town in which the prison is situate ; or, if that is not done, and he has an attorney of record within the county, the name of the attorney must be endorsed on the execution. As there was no appointment of an agent or attorney on the execution in the present case, no notice of the prisoner's intention to take the benefit of the poor debtor's oath, was necessary to be given, and, consequently, his certificate of discharge is a bar to the plaintiff's action.

Judgment affirmed.

*W. Mattocks,* for plaintiff,
*G. B. Shaw,* for defendant.