SILAS P. DEAN vs. HEMAN LOWRY.

It is the duty of the jail commissioners to give notice to the creditor before admitting the debtor to the oath prescribed for poor debtors, if there be an agent duly appointed on the execution ; and if they omit to do so, their proceedings are irregular and void, and their certificate, on which it appears that no such notice was given, is no justification to the sheriff in permitting the debtor to depart.

If there be an attorney of record in a suit residing in the county where the debtor is confined, whose name is endorsed on the execution, he is an agent within the meaning of the act passed November 7th, 1820, relating to poor debtors, and must be served with notice of the prisoner's application to the commissioners to be admitted to the oath prescribed for poor debtors.

Where the surname, only, of an attorney was endorsed on the copy of an execution, it was held to be sufficient to apprise the debtor, commissioners and sheriff, that there was an attorney or agent on the execution, living in the county, agreeably to the provisions of the statute.

This was an action for an *escape* against the sheriff of Chittenden county for permitting one LeGrange to escape from prison. The declaration alleged that on the 30th day of April, 1824, the plaintiff recovered a judgement against LeGrange for $30, damages, and $8,89 cost ; that the plaintiff afterwards took out an execution on said judgement dated August 20th, 1824, and delivered the same to the constable of Huntington, in Chittenden county, where LeGrange then was ; who afterwards, on the 16th day of October, 1824, committed said LeGrange to prison in Burlington, in said county ; and that *Lowrey*, the defendant, then sheriff of said county, and keeper of said jail, voluntarily permitted LeGrange to escape. The defendant pleaded the general

FRANKLIN,
January,
1832.

Dean
vs.
Lowry.

issue, and gave notice in writing, agreeably to the statute, " that on the trial of the said issue he should rely upon and give in evidence the following special matters, to wit : That after the commitment of the said LeGrange, as set forth in the plaintiff's declaration, and before any departure from prison of said LeGrange, he, the said LeGrange, was admitted to the benefit of the several laws then in force, relating to poor debtors, by taking the oath therein prescribed ; and thereupon obtained from the commission·ers of jail delivery, within and for the county of Chittenden, a certificate in the words and figures following :

" *State of Vermont, Chittenden county, ss.* To *Heman Low-* " *ry, Esq.*, keeper of the jail in Burlington, in said county, gree- " ting. Whereas, Omri LeGrange, a prisoner in your custody, " on an execution at the suit of *Silas P. Dean*, of Franklin, in the " county of Franklin, and state of Vermont, for the sum of $30 " damages, and $8,89 cost, signed by Solomon S. Miller, justice " of the peace, and dated the 25th day of August, A. D. 1824, " has this day taken the oath prescribed in an act relating to levy- " ing executions and to poor debtors ; the said *Dean* not having " been duly notified, did not attend, and in our opinion the said " Omri LeGrange ought to be discharged ; there being no agent " on the execution.

" Given under our hands, at Burlington, the 16th day of Octo- " ber, A. D. 1824."

" *David Russell,* ⎫
" *Jno. Peck,*   ⎬ *Commissioners.*"
                ⎭

That one copy of this certificate was delivered to the said Omri, and another copy was lodged with the jailer ; after which the said Omri did leave the jail, and go at large, whithersoever he would ; which is the same escape complained of by the plaintiff in his declaration against the defendant."

The parties afterwards agreed to the following facts : That the plaintiff had recovered judgement against LeGrange, and caused him to be committed to jail, as set forth in the declaration ; that the plaintiff resided in Franklin, in the county of Franklin, and LeGrange resided in Richmond, in the county of Chittenden ; that David French, Esq., who was the plaintiff's attorney in procuring said judgement, and who endorsed his name on the back of the execution as attorney, was an attorney in practice at Williston, in the county of Chittenden ; that on the day on which LeGrange was committed, he made application to the jail commissioners in due form of law, to be admitted to the oath prescribed for poor debtors ; that the commissioners thereupon on the same day administered the oath to him, without any notice to the plain-

FRANKLIN,
January,
1832.

Dean
vs.
Lowry,

tiff, or to French ; that they thereupon made out their certificates in the form before mentioned, and delivered one to LeGrange, and lodged another with the jailer; and that LeGrange on the same day left the jail. It was further agreed that on the original execution there was endorsed, " D. French, att'y. ;" and on the copy left with the jailer, there was endorsed, " French, att'y."

On this statement of facts the county court rendered a judgement for the defendant, and the case was reserved for the opinion of this court. After argument by counsel,

WILLIAMS, J., delivered the opinion of the Court. The defendant in this action is sued for the escape of one Le Grange, who was a prisoner in his custody at the suit of the plaintiff on execution. It appears that Le Grange was discharged out of custody by the defendant, on receiving a certificate from the commissioners of jail delivery in the county of Chittenden, on the same day on which he was committed. The certificate of the commissioners is in the form prescribed in the statute, except they do not certify that the creditor was duly notified ; but they certify that he was *not* duly notified, and assign as a reason, " there being no agent on the execution." In this there is a departure from the form given in the statute ; and in their proceedings, the plaintiff contends, there has been such a departure from the requirements of the statute that they are inoperative and void. It is a general principle which applies to all judicial tribunals, and especially to those of a limited or inferior jurisdiction, that no persons are bound by their proceedings unless they have actual or constructive notice. Their jurisdiction over the person is generally acquired by the notice they give, and where this notice has not been given, their proceedings have been held to be irregular and void.

At the last term of this Court in Addison county, we were called on to decide, and did decide, that a judgement of a court of record in a neighboring state, rendered against a defendant to whom no notice was given, and who had not submitted to their jurisdiction by appearing, was a void judgement. In this case we are to inquire whether it was the duty of the commissioners to notify the plaintiff previous to their admitting LeGrange to the oath ; or whether it was a case in which they could proceed to admit him to the oath without notice, according to the statute of 1820, " entitled an act for the benefit of poor prisoners;" and if it was their duty, and they omitted it, whether the defendant was justified in discharging a prisoner from his custody on receiving a cer-

Franklin,
January,
1832.

Dean
vs.
Lowrey,

tificate from them, which, upon the face of it, carried the evidence that they had not given this notice.

By the 12th section of the general act in relation to jails and jailers, it is made the duty of the two justices of the peace, on application of an imprisoned debtor, to issue a citation to the creditor ; and the different modes in which the citation may be served are pointed out.    The duties which by that act appertained to the justices, have since been transferred to a board denominated commissioners of jail delivery.    Under this act the justices or the commissioners could in no case admit a debtor to what is called the poor debtor's oath, without giving notice to the creditor.    The form of the certificate is, that the creditor " was duly notified." But inasmuch as they must certify the fact, that notice was given, and, as they are constituted the judges whether the notice was regular, their decision in the certificate has been held to be conclusive of the fact of notice, and that it could not be questioned elsewhere. But notwithstanding the directions of the statute were so positive as to the duty of giving notice, yet from the words of the 12th section of the act relating to levying executions, *(Stat. p. 214,)* some doubts were formerly entertained, whether the statute last mentioned did not control the other ; and a practice obtained in some parts of the state of admitting debtors to the oath without giving notice.    This practice was founded upon a misconstruction of the law, and was decided to be wrong by the Supreme Court of this state in 1815.    In the case of *Adams* vs. *Mattocks,* reported in *Brayton,* 199, it was decided that the citation must be served on the creditor, if within this state, though no agent is appointed on the execution ; and if this was not done, and no notice given to the creditor, the jailer was liable for an escape if the defect appeared on the face of the certificate lodged with him.    This was decided after great deliberation, by a court highly respectable, and who would not willingly have subjected a sheriff to unnecessary hazard or accountability.

Judge Prentiss, in giving the opinion of the Court in the case of *Bennet* vs. *Morrill,* recognizes the accountability of the sheriff in such case, and, in speaking of Morrill's being admitted to the oath without notice, says, as this appears upon the face of the certificate there can be no doubt, if notice is by law necessary, that the discharge was irregular and void.    Of the correctness of this opinion, fortified as it is by the decision before referred to in the case of *Adams* vs. *Mattocks,* there can be no doubt.

The obligation on the justices as commissioners to give notice
was peremptory by the general act. They had no discretion or
opinion to give, whether notice was necessary or not; nor is this dis-
cretionary power given them by any subsequent acts ; nor is it a
subject on which they are to adjudicate and judicially determine.
The act of 1820, which was in force when this escape was suf-
fered, as well as the subsequent act of 1824, provided, that in
certain cases, unless an agent is appointed on the execution, the
debtor shall not be obliged to give notice to the creditors, but
may forthwith be admitted to the oath.. But these cases are poin-
ted out by the statute, and whenever they occur, the duty of the
commissioners is as much fixed and determined as in the other
cases; and if they refuse to admit to the oath without giving notice,
in a case where notice is not necessary, they may be compelled so
to do by *mandamus*. There may have been some doubts from
the wording of the statute in what cases notice was dispensed with,
and possibly different persons might have put a different construc-
tion upon the act itself; but in such cases the debtor, commission-
ers, and sheriff, must each judge for themselves, as they always `
must when a duty is required of them by law, and at the hazard
of having their opinions reversed by the regular judicial tribunals.
But it is not submitted to the commissioners as a question to be
judicially decided on by them. If it was, their decision might be
final and conclusive. In all cases of proceedings by tribunals of
limited jurisdiction, every person affected by them must see that
their proceedings are not irregular and void. It is to be remarked
that this certificate was not in the form given by the statute. It
contained on the face of it evidence that notice had not been giv-
en, and, of course, should have put the sheriff upon the enquiry,
whether notice was necessary. That part of the certificate, which
stated that there was no agent, was unnecessary ; is not in the form
given in the statute, nor was it required. The fact itself is one
which they were not called upon judicially to decide or certify ;
and that part of the certificate is only giving the reasons of their
proceedings. The defendant was under no obligation to regard
it ; and further, had the evidence in his own hands to which he
could resort to determine whether the agent was appointed or not.
We come then to this conclusion, and are all agreed in it, that it
was the duty of the commissioners to give notice to the creditor
before admitting the debtor to the oath, if there was an agent duly
appointed on the execution, and if they omitted to do it, their pro-
ceedings were irregular and void, and their certificate on which

FRANKLIN, it appears that no such notice was given, would be no justification
January, to the sheriff in permitting the prisoner to depart.
1832.

Dean        The remaining inquiry will be whether there was such an
vs.     agent appointed on the execution as the statute of 1820, before
Lowry.
referred to, requires.   On this point we are equally clear and
unanimous.   In the case of *Bennet* vs. *Morrill et al.* 2 *Vt. Rep.*
322, it was decided, that if there was an attorney of record, and
his name endorsed on an execution, he was an agent within the
meaning of the statute of 1820.   Although that case was determin-
ed on the ground that there was no such agent appointed, and
might have been determined without considering this question,yet
it seems that this was the point made in argument; that the atten-
tion of the Court was bestowed almost exclusively upon it; and it
cannot be disregarded as an extra judicial opinion, as the defen-
dant's counsel contend.   The opinion of the Court was given by
Judge PRENTISS, and was clear and perspicuous, its reasoning
forcible and irresistible, and it must be regarded as an authority
strictly in point in this part of the case.

Without the authority of that case, we should have considered
that the question is clear, and should so decide were it *res integra.*

It appears that David French, Esq. was the attorney who prose-
cuted the suit; that he was an attorney in practice in Williston,
by which we understand an attorney regularly admitted and
sworn, and authorized to appear in suits in the courts in this state;
and we know there is a gentleman of that name in Williston
who is a regular practising attorney.   Mr. French was, therefore,
the attorney of record of the plaintiff.   By attorney of record we
understand the one who appears in the suit, either for plaintiffs
or defendants, and by whom the parties are said to appear by the
record.   In justice's courts, as well as in the higher courts, ap-
pearance by attorney is recognized, and the appearance should be
so stated in the record, if the facts warrant it.   The name of
French was endorsed on the back of the execution as the attor-
ney, and according to the authority of the case before named, he
was the agent of the plaintiff on whom the notice should have
been served when the debtor applied to be liberated from prison
as a poor debtor.

It has, however, been insisted on, that the christian name of the
attorney was not inserted in the copy of the execution left with
the jailer; and it has been said that there are several persons of
the name of French, in the county of Chittenden.   There may
be several of the name of David French; but the case does not

FRANKLIN,
January,
1832.

Dean
vs.
Lowry.

disclose that there is any person in that county of the name of French, who is an attorney, except the one who was the attorney for plaintiff; and the addition of attorney was a sufficient designation of the person. Indeed, we cannot for a moment suppose that there was any mistake or doubt in the mind of either Le-Grange, the debtor, the commissioners, or the defendant, as to the person who was attorney for the plaintiff. Their error probably arose from a misconstruction of the statute of 1820, in supposing that the attorney of record was not the agent contemplated by that act; but that an agent must be specially appointed notwithstanding there was an attorney of record in the county. It is not unfrequently the case that there may be several persons of the same name residing in a county; but if there was only one who was an attorney, and who was named as such, could there be any doubt as to the person intended? The name of "French, att'y," indorsed on the copy, was sufficient to apprise the debtor, commissioners and sheriff, that there was an attorney or agent on the execution living within the county, agreeable to the provisions of the statute in that behalf; and to inform the commissioners that it was necessary to give him notice before administering the oath to the debtor, and the sheriff that he must not permit the debtor to escape on receiving a certificate on which it appeared that no notice was given to such agent or attorney, or to the creditor.

If the case had disclosed facts from which we could justly infer that there was so much uncertainty as to the person of the agent appointed, that the commissioners or debtor could not determine to whom notice was to be given, we might consider that there was no sufficient appointment; but the case does not disclose any such facts, and we cannot but be sensible that any such presumption would be unfounded. The judgement of the county court is reversed, and judgement must be entered, that the plaintiff recover his damages; and the cause must be remanded to the county court for the assessment of damages, if either party requires a jury.

*Burt and Smalley & Adams*, for plaintiff.
*Allen and Hunt & Beardsley*, for defendant.